IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JED WELKER,

          Petitioner,

v.

UNITED STATES,

          Respondent.

Case No. 3:23-CV-04009-NJR

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

Petitioner Jed Welker, an inmate of the Federal Bureau of Prisons ("BOP") currently housed at FCI-Greenville within the Southern District of Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Welker challenges the BOP's calculation of his sentence. (*Id.*). Specifically, Welker argues that the BOP has incorrectly calculated his sentence which was to run concurrently with the remainder of the undischarged term of imprisonment from his Mason County state court case (12-CF-39). (*Id.*). He argues that he was entitled to a reduction of 467 days for a period of time already served. (*Id.*). He states that the BOP lists his full-term date of release as February 28, 2033, which he believes results in a sentence calculation containing an extra 10 months and 18 days of imprisonment. (*Id.*).

This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

The Court has reviewed the petition and, without commenting on its merits, finds it is not plainly apparent that Welker is not entitled to relief. Accordingly, the Court **ORDERS** Respondent United States to answer or otherwise plead on or before **February 13, 2024**. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

### MOTION TO APPOINT COUNSEL

Also pending before the Court is Petitioner Welker's Motion to Appoint Counsel. (Doc. 2). Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, this Court has discretion to recruit counsel to represent indigents in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In evaluating whether counsel should be appointed, this Court must examine what are known as the *Pruitt* factors and apply them to the specific circumstances of the case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "'(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so,

(2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* at 761, *quoting Pruitt*, 503 F.3d at 654.

The Court finds that Welker has not satisfied these factors. Welker indicates that he cannot afford an attorney (Doc. 2), but he has not provided any evidence indicating that he has reached out to prospective attorneys to determine whether he can afford their services, nor does he provide evidence that he has been precluded from attempting to procure counsel. Additionally, while Welker argues that he needs an attorney because this motion is related to his sentence, he does not provide any evidence that indicates he lacks the requisite competence to litigate the case himself. (*Id.*). Therefore, the Court **DENIES** Petitioner Welker's Motion to Appoint Counsel. Should Welker determine that counsel is necessary as the case progresses, he has leave to renew his motion in accordance with this order.

Finally, Welker is **ADVISED** of his continuing obligation to keep the Clerk of Court (and the opposing party) informed of any change in her whereabouts during the pendency of this action. This notification must be done in writing and no later than **14 days** after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   January 12, 2024**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**